(No. 3372—)

OMER C. KING, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 10, 1941.*

KENNETH E. MOSS, for claimant.

GEORGE F. BARRETT, Attorney, General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant is an electrician, residing in Paris, Illinois. His complaint recites that on October 5, 1936 he was employed by respondent to do certain electrical wiring in Illinois State Highway Garage No. 5 at Paris, Illinois, according to certain plans and specifications furnished by the State; that he completed such work in strict conformity to the plans and specifications, and that thereupon it was found that the balance of the wiring in such garage was in such condition that the machinery, lights and equipment in the garage were put out of working order and made useless; that at the request of Mr. Kenneth Sizemore and Mr. Joseph Connery, foremen at such State garage, claimant thereupon installed additional wiring whereby the equipment could again be put into service and all of the electrical devices both old and new theretofore installed in such garage could be utilized.

An itemized Bill of Particulars attached to the claim shows the cost of materials furnished as a part of such extra work amount to $80.28, and the additional labor involved in such extra work amounts to $120.00, making a total claim for extra material and labor of $200.28. The work originally performed by claimant under the plans and specifications previously furnished to him, was all completed and paid for.

Two reports from the Division of Highways appear in the record, one by M. K. Lingle, Engineer of Claims, and the other by C. S. Ward, former District Maintenance Engineer for the State of Illinois. Mr. Lingle's report shows that the lack of efficiency and uselessness of equipment in the Highway Garage, following claimant's work under his contract, was not caused by improper installation of wiring by claimant under such contract, and that in order to effectively remedy the faulty lines and fixtures, it was necessary that additional wiring and fixtures were installed. Mr. Lingle's report further shows that the additional labor and materials were requested and approved by Mr. Sizemore and Mr. Connery, the garage foremen. The report of District Engineer Ward states that after claimant had completed the work called for in his contract and had begun the removal of old wiring, he, Ward, was called to the garage by the foreman, Mr. Sizemore, and was told by the latter of extra work that was necessary; that he told Sizemore if claimant would do this additional work on the same price basis as his original contract, to have him do it. King agreed to this, and was told to do the work immediately. District Engineer Ward further states in his report that he checked the work after it was all completed and found that claimant's statements as to same were correct, and that the additional wiring was of considerable benefit to the operation of both the shop and the garage; that the cost was reasonable and in line with prices in the original contract under which claimant had previously been employed. Ward further stated that his failure to get a confirmatory authorization from the Division of Highways' Springfield Office, was due to the fact that he left the employ of the State in a few days after this matter came up and did not have time to make a report thereon.

Mr. Sizemore testified that the extra work and materials were required as an emergency service; that the plans for the contract work failed to include a number of essential things, and that the apparatus and lights in the garage were made useless until the extra work was performed; that it was due to faulty plans that the extra work *had to be* performed, and that it was necessary to have such service immediately as the air compressor and other equipment in the garage were cut off from service. It appears that there was a departmental ruling in the Highway Department that if more than

$25.00 expense was involved, the work would be let by contract, and only on items of less amount that emergency orders were allowed. It further appears however, that this rule was liberalized in practice by breaking the total charge down into various items so as to keep same within the $25.00 limit. Claimant is not chargeable with notice of such practice. From the record it appears that the service and material covered by plaintiff's claim were furnished to the State of Illinois at the request of those in charge of the premises where such work was done; that such labor and materials were useful and in fact necessary to the efficient operation of respondent's property; that claimant through its proper and duly constituted employees, accepted the benefit of such labor and material, and that the use thereof is now being availed of by respondent; that the cost thereof was reasonable and in keeping with the price of such labor and material usually charged.

We have previously held that where erroneous statements are contained in specifications which form a part of a construction contract, and the contractor is misled thereby and is obliged to perform extra work as a result thereof, the respondent is liable. (*Peter J. Crowley & Co. etc.* vs. *State*, 10 C. C. R. 108.)

In *L. E. Myers Co. etc.* vs. *State*, 10 C. C. R. 219 this court held, that—

"Where it appears from the evidence that claimant did extra work in the performance of a contract, such work not being within the terms of the contract, but which was authorized by a proper State Department, an award may be made for the value of same—as extra work."

We have also held in many cases, that—

"Where claimant has rendered services or furnished supplies to the State on the order of an official authorized to contract for it, and submits a bill therefor within a reasonable time, and due to no fault or negligence on the part of claimant, such bill is not approved before the lapse of the appropriation from which it is payable, an award for the reasonable value thereof may be made, if at the time the expenditure was contracted for, there were sufficient funds remaining in the appropriation to pay for same." (*Horst & Strieter Co.* vs. *State*, 10 C. C. R. 338.)

It is conceded that there were ample funds in the appropriation covering the present claim, and that claimant has been guilty of no negligence in presenting his demand.

An award is therefore recommended in favor of claimant, Omer C. King, for the sum of $200.28.